## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JACQUELYN ROBICHAUX** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-1786** |
| **WAL-MART STORES, INC.** | **SECTION: "G"(1)** |

## <u>ORDER</u>

This litigation arises out of Plaintiff Jacquelyn Robichaux's ("Robichaux") claim for damages following a slip-and-fall incident at a Wal-Mart Stores, Inc. ("Wal-Mart") location in Boutte, Louisiana in which Plaintiff alleges she was injured.[1] Plaintiff originally filed this action in state court, but Defendant removed the case to this Court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.[2] Upon reviewing the Notice of Removal, it came to the Court's attention that the basis for this Court's subject matter jurisdiction must be clarified. Even though Plaintiff has not filed a motion to remand, "federal courts are duty-bound to examine the basis of subject matter jurisdiction *sua sponte.*"[3]

On March 10, 2016, the Court ordered that Defendant submit summary judgment-type evidence regarding the amount in controversy at the time of filing.[4] Defendant filed a memorandum regarding the amount in controversy on March 17, 2016.[5] For the reasons that follow, the Court finds that Defendant has not established by a preponderance of the evidence

---

[1] Rec. Doc. 1-1 at 1.

[2] Rec. Doc. 1.

[3] *Union Planters Bank Nat'l Assoc. v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004).

[4] Rec. Doc. 7.

[5] Rec. Doc. 8.

1

that the amount in controversy at the time of filing exceeded $75,000. Therefore, the Court lacks subject-matter jurisdiction over the above-captioned matter and hereby remands it to state court.

## I. Background

In her Petition, Robichaux alleges that she slipped and fell on a pink liquid that had been present for some time in a store owned by Wal-Mart in Boutte, Louisiana.[6] Robichaux claims that Defendant's alleged negligence has led to physical pain and suffering, mental anguish, loss of enjoyment, disfigurement and disability, medical expenses, lost wages and earnings, and property damage.[7]

In its Notice of Removal, Defendant asserted that Plaintiff's petition "fails to detail the nature of the plaintiff's injuries as well as the treatment she received as a result" and "further fails to provide a general allegation that the claim exceeds or is less than" $75,000.[8] However, Defendant alleged that it received on February 11, 2016, answers to interrogatories stating that: Plaintiff had sustained injuries to her lower back, right elbow, and hip, that she had met with a number of physicians since the accident, including an orthopedic surgeon, and that she continues to experience lower back pain and hip pain and that surgery has been discussed as an option for future medical treatment.[9]

On March 10, 2016, following the Fifth Circuit's guidance in *Simon v. Wal-Mart Stores, Inc.*,[10] and *Gasch v. Hartford Accident & Indemnity Co.*,[11] the Court ordered that Defendant

---

[6] Rec. Doc. 1-1 at 1.

[7] *Id.* at 2.

[8] Rec. Doc. 1 at 2.

[9] *Id.*

[10] 193 F.3d 848, 850 (5th Cir. 1999).

[11] 491 F.3d 278, 281 (5th Cir. 2007).

submit summary judgment-type evidence regarding the amount in controversy at the time of filing.[12] Defendant filed a memorandum regarding the amount in controversy on March 17, 2016.[13]

## II. Parties' Arguments

In its memorandum, Defendant reiterates some of the information found in its initial Notice of Removal, alleging, for example, that Plaintiff's answers to interrogatories state that her injuries have left her with difficulty and pain with prolonged walking, bending, and lifting.[14] Defendant also claims that Robichaux has been hospitalized and sought treatment from four physicians, including an orthopedic surgeon.[15] Defendant claims that Plaintiff has noted continued pain and that "surgery has been discussed as an option for future medical treatment."[16] Defendant asserts that Plaintiff has provided scant documentation of her medical complaints or medical specials, but that the second page of an MRI report for a lumbar MRI taken on February 13, 2015 reveals "mild bilateral facet arthropathy at L3-4, bilateral facet arthropathy and a circumferential broad based posterior disc bulge with resultant mild central canal stenosis and biltateral foraminal narrowing at L4-5, and mild bilateral facet arthopathy at L5-S1."[17]

Defendant asserts that Plaintiff also provided a claim summary for the first six months of treatment following the accident, which included medical specials totaling $7,555.76.[18]

---

[12] Rec. Doc. 7.

[13] Rec. Doc. 8.

[14] *Id* at 1.

[15] *Id.*

[16] *Id.*

[17] *Id.* at 2.

[18] *Id.*

Defendant alleges that Plaintiff advised in her Answers to Interrogatories that she continues to receive treatment, and that at the time of her answers, seven months had passed since the last entry date on the claim summary; therefore, Defendant claims, "it is likely that her medical specials far exceed the amount shown on the Claim Summary."[19] Defendant argues that Plaintiff's MRI reading shows the presence of a disc bulge, and that other Louisiana courts have awarded more than $75,000 in cases involving "a mild disc protrusion" and "cervical and lumbar strain and bulging disc."[20]

For example, Wal-Mart argues, another section of the Eastern District of Louisiana denied a motion to remand in *Bourg v. Fireman's Fund Insurance Co.*, where the plaintiff was diagnosed with a cervical strain and sprain and her MRI revealed the presence of a disc bulge, finding that the plaintiff could recover "much more than $75,000."[21] Furthermore, Wal-Mart claims, in *Alexander v. Laborde*, the Louisiana Third Circuit Court of Appeals awarded $125,000 in general damages to a plaintiff whose MRI showed arthritic changes in her low back and a herniated disc at L4-5 that combined to create spinal stenosis.[22] Wal-Mart also cites *Harrington v. Wilson,* in which it asserts that the Louisiana Fifth Circuit Court of Appeal affirmed a jury award of $100,000 in general damages to a plaintiff who had an annulear tear and small disc bulge at L5-S1, cervical spine stenosis, and a recommended surgery.[23] Finally, Defendant cites *Ricks v. City of Shreveport*, in which, Defendant asserts, the Louisiana Second Circuit Court of Appeal affirmed a trial court award of $100,000 in general damages for a

---

[19] *Id.*

[20] *Id.* at 2–3.

[21] *Id.* at 3 (citing No. 99-1066, 1999 WL 335636, at *1 n.1 (E.D. La. May 24, 1999) (Clement, J.)).

[22] *Id.* at 4 (citing 2011-1411 (La. App. 3 Cir. 6/6/12); 97 So. 3d 1081, 1082).

[23] *Id.* (citing 08-544 (La. App. 5 Cir. 1/13/09); 8 So. 3d 30, 37).

4

plaintiff whose MRI and CT scan showed a bulging L4-L5 disc and stenosis from L3-L5.[24] Thus, according to Defendant, in light of the Plaintiff's answers to interrogatories and the cited jurisprudence, the amount in controversy exceeds $75,000.[25]

### III. Law and Analysis

**A.  *Legal Standard***

A defendant may remove a state civil court action to federal court if the federal court has original jurisdiction over the action.[26] A federal court has subject matter jurisdiction over an action "where the matter in controversy exceeds the sum or value of $75,000" and the action "is between citizens of different states."[27] The removing party bears the burden of demonstrating that federal jurisdiction exists.[28] In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that "removal statute[s] should be strictly construed in favor of remand."[29] Remand is appropriate if the Court lacks subject matter jurisdiction, and "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[30]

Under Fifth Circuit law, a removing defendant's burden of showing that the amount in controversy is sufficient to support federal jurisdiction differs depending on whether the

---

[24] *Id.* (citing 42,675 (La. App. 2 Cir. 10/24/07); 968 So. 2d 863, 866).

[25] *Id.* at 5.

[26] 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002).

[27] 28 U.S.C. § 1332(a)(1).

[28] *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[29] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[30] *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d

plaintiff's complaint alleges a specific amount of monetary damages.[31] When the plaintiff alleges a damage figure in excess of the required amount in controversy, "that amount controls if made in good faith."[32] If the plaintiff pleads damages less than the jurisdictional amount, this figure will also generally control, barring removal.[33]

Nevertheless, Louisiana law ordinarily does not allow a plaintiff to plead a specific amount of damages.[34] When, as here, the plaintiff has alleged an indeterminate amount of damages, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[35] A defendant satisfies this burden either "(1) by demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) by setting forth facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount."[36] The defendant must do more than point to a state law that might allow the plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000.[37]

1160, 1164 (5th Cir. 1988)).

[31] *See Allen*, 63 F.3d at 1335.

[32] *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

[33] *Id.*

[34] *See* La. Code Civ. P. art. 893.

[35] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000); *see also Simon*, 193 F.3d at 850; *Allen*, 63 F.3d at 1335.

[36] *Simon*, 193 F.3d at 850 (quoting *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999)); *see also Allen*, 63 F.3d at 1335.

[37] *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

**B.      Analysis**

In its "Jurisdictional Memorandum," Wal-Mart argues that the nature of Plaintiff's injuries, her continued care one year after the accident, and the discussion of possible surgery to treat pain associated with her disc bulge, stenosis, bilateral foraminal narrowing and Grade I anterolisthesis, plus her known medical specials of $7,555.76, establishes that the amount in controversy exceeds $75,000.[38] However, Wal-Mart does not produce any evidence of the likelihood that such surgery will take place or what its cost would be.

Although Wal-Mart cites several cases in which damages satisfying the jurisdictional requirement were awarded, "to satisfy its burden, [the] defendant must do more than merely show that plaintiff could recover more than the jurisdictional amount."[39] Moreover, the cases cited by Wal-Mart are distinguishable. For example, Wal-Mart cites *Alexander v. Laborde*, in which surgery had not yet been performed at the time the jury awarded damages in excess of $75,000.[40] However, in that case, a doctor had "testified the condition was severe and needed to be addressed surgically, explaining it was progressive and, without surgery, could result in severe neurological problems, including paralysis," and at least one other doctor had agreed that surgery was necessary.[41] Here, by contrast, Plaintiff's surgeon has merely "discussed possible surgery to treat pain."[42] Similarly, Wal-Mart cites *Harrington v. Wilson*, in which the Louisiana Fifth Circuit Court of Appeal affirmed a trial court award of $100,000 in general damages where

---

[38] Rec. Doc. 8 at 4–5.

[39] *Bourg v. Fireman's Fund Ins. Co.*, No. 99-1066, 1999 WL 335636, at *1 (E.D. La. May 24, 1999) (Clement, J.) (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir. 1995)).

[40] 2011-1411 (La. App. 3 Cir. 6/6/12); 97 So. 3d 1081, 1084.

[41] *Id.*

[42] Rec. Doc. 8 at 4.

medical evidence supported a finding that the plaintiff's back injury necessitated cervical fusion surgery (and such a surgery was actually performed).[43] Here, Defendant has presented no summary judgment-type evidence to show that surgery is required, and thus its comparisons to cases in which such surgeries have been found necessary and/or actually performed are unavailing.

In ordering Defendant to submit summary judgment-type evidence,[44] this Court relied on the Fifth Circuit's pronouncement in *Allen v. R&H Oil & Gas Co.* that "[i]n situations where the facially apparent test is not met, the district court can then require parties to submit summary-judgment-type evidence . . . ."[45] The Court at the time of the Order was not satisfied that the amount in controversy was facially apparent.[46] Accordingly, the Court ordered the parties to furnish summary judgment-type evidence to support its argument that the amount in controversy exceeds $75,000,[47] a burden Defendant has failed to meet.

Defendant has submitted only Plaintiff's answers to interrogatories, her MRI report, and a claim summary, which are insufficient to establish an amount in controversy exceeding $75,000.[48] On their own, Plaintiff's medical records and bills demonstrate costs of just $7,555.76 thus far, although Defendant speculates that the overall costs will be much higher.[49] Although Plaintiff requests lost earnings/wages in her petition, no summary judgment-type evidence is

---

[43] *Harrington v. Wilson*, 08-544 (La. App. 5 Cir. 1/13/09); 8 So. 3d 30, 40.

[44] Rec. Doc. 7.

[45] 63 F.3d 1326, 1336 (5th Cir. 1995).

[46] Rec. Doc. 7 at 4.

[47] *Id.*

[48] Rec. Doc. 8-1.

[49] *Id.* at 13.

provided supporting a numerical figure for any lost earnings, past, present, or future, that Plaintiff seeks to recover. Finally, although Plaintiff seeks recovery for pain and suffering and loss of enjoyment of life, in addition to medical expenses, "where a claim is made for pain and suffering in a personal injury case, the amount claimed by the plaintiff does not have to be accepted by the Court as the amount in controversy when determining whether or not the Court has jurisdiction."[50] Here, Plaintiff has not even argued that her pain and suffering would exceed $75,000, and Defendant provides no evidence to suggest that it would.

In showing that the amount in controversy has been met, the burden is on the party asserting federal jurisdiction to set forth specific facts that prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. However, considering all of the evidence of the amount in controversy at the time the Notice of Removal was filed, Defendant, has put forth insufficient evidence to indicate by a preponderance of the evidence that Plaintiff's claim, if proven, would be worth an amount in excess of $75,000.

## IV. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that the above-captioned matter is **REMANDED** to state court for lack of subject-matter jurisdiction.

**NEW ORLEANS, LOUISIANA**, this 28th day of March, 2016.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[50] *Thomas v. Travelers Ins. Co.*, 258 F. Supp. 873, 876 (E.D. La. 1966) (citing *Leehans v. Am. Emp. Ins. Co.*, 273 F.2d 72, 72 (5th Cir. 1959) ("On appeal it is urged that where the pain and suffering are alleged the jurisdictional amount as alleged by a plaintiff must be accepted. Such is not the rule.")).